**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| B. Endeavour Shipping Company Limited, | Case No. 15-_____  (___) |
| Debtor in a Foreign Proceeding. | |

## DECLARATION OF PETER KUBIK IN SUPPORT OF PETITION FOR ENTRY OF AN ORDER RECOGNIZING FOREIGN MAIN PROCEEDING AND GRANTING ADDITIONAL RELIEF

I, Peter Kubik, hereby declare:

1.     I am a partner at UHY Hacker Young LLP and one of the joint administrators of the above-captioned debtor (the "Debtor"), which is the subject of an administration proceeding pending before the High Court of Justice of England and Wales (the "Foreign Court") and assigned case no. 465/2015 (the "UK Proceeding") (the other joint administrator is my colleague, Andrew Andronikou; we are collectively referenced herein as the "Petitioners").  I submit this declaration in support of our (1) Official Form Petition; and (2) verified petition for entry of an order recognizing the UK Proceeding as a foreign main proceeding[1] pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code") and granting certain additional relief pursuant to Bankruptcy Code section 1521 (the "Verified Petition").  I am competent to testify, and, except where otherwise indicated, have personal knowledge of the facts set forth below.

---

[1] Although the Petitioners are confident that the UK Proceeding is a foreign main proceeding within the definition of Bankruptcy Code section 1502(4), in an abundance of caution, the Petitioners reserve the right to argue, in the alternative, that the UK Proceeding is a foreign nonmain proceeding within the definition of Bankruptcy Code section 1502(5) and to seek appropriate relief under Bankruptcy Code section 1521 and any other applicable provision of the Bankruptcy Code.

## BACKGROUND

I.   **The Debtor's Business**

2.    The Debtor is a company incorporated in Cyprus whose sole asset is a 62,000 deadweight tonnage ("DWT") Panamax Tanker named "Ice Base," valued at approximately $28.125 million. Ice Base transports liquid natural gas and oil and operates principally in the territorial waters of the United States, including New York harbor. Ice Base is currently docked in Big Stone Anchorage in the Delaware Bay, and is expected to depart on or about February 3, 2015.

3.    The Debtor has no employees. Marine Cross Services Limited ("Marine Cross"), a London-based shipping agent, handles the Debtor's day-to-day financial administration and management pursuant to a Management Services Contract with NSBI (defined below), dated March 9, 2006. Certain commercial, technical and operational management is outsourced to a group of companies called Scorpio.

4.    The Debtor is a wholly-owned subsidiary of Baltic Tankers Holding Ltd., a Cyprus company ("Holdings"), which in turn is a wholly-owned subsidiary of Northsea Base Investments Ltd., a Cyprus company ("NSBI"), which in turn is a wholly-owned subsidiary of Hamilton Corporation, a Nevis corporation, which in turn is wholly-owned by three trusts organized under Nevis law: The K Family Trust, The Diamond Trust, and The Hermes Trust (together, the "Trusts"). The Trusts' respective settlors, Serge Kisselev, Dmitri Drytchenko, and Anatoly Lugovkin, are all Marine Cross directors. In addition, Messrs. Kisselev and Lugovkin reside in London and are actively involved in running Marine Cross.

5.    In addition to holding all equity interests in the Debtor, Holdings holds all equity interests in five other Cyprus companies (the "Sister Companies," which together with Debtor, Holdings, and NSBI are hereinafter referred to as the "Group"), each of which owns a 37,000

DWT product carrier that operates principally in the waters of Europe and the Baltic area. The Sister Companies are B. Force Shipping Company Limited, B. Faith Shipping Company Limited., B. Marshall Shipping Company Limited, B. Ambition Shipping Company Limited, and B. Merchant Shipping Company Limited. Collectively, the Sister Companies own two Ice Class 1A vessels with an estimated market value of approximately $18.25 million each and three Ice Class 1B vessels with an estimated market value of approximately $17.875 million each (as of June 2014).

6.      As described below, on January 15, 2015, the Group was placed into administration in London, England.

## II.    The Group's Capital Structure/Events Leading to Administration

7.      Although the Group is operationally solvent, it is highly levered.

8.      Pursuant to a Loan Agreement, originally dated December 12, 2007, among the Sister Companies, as borrowers, the Debtor, as collateral owner, Holdings and NSBI, as guarantors, certain lenders, and BNP Paribas S.A. ("BNP"), as agent, collateral trustee, and swap bank, the Sister Companies were extended a $174.5 million secured term loan. Pursuant to another Loan Agreement, originally dated January 22, 2008, among the Debtor and dormant company P. Merchant Shipping Company Limited, as borrowers, the Sister Companies, as collateral owners, Holdings and NSBI, as guarantors, certain lenders, and BNP, as agent, collateral trustee, and swap bank, the Debtor was extended a $105 million secured term loan. Both Loan Agreements are governed by English law. On December 22, 2014, BNP issued default notices to the Group for failure to pay the final installment of $141.725 million due December 19, 2014 under the Loan Agreement, originally dated December 12, 2007, copies of which are attached hereto as Exhibit A. BNP has not accelerated the outstanding balance due

3

under the Loan Agreements or otherwise exercised remedies against the Group, but has reserved the right to do so.

9.     In addition, NSBI issued two Performance Guarantees, dated September 29, 2008 and October 3, 2008, respectively, to Hyundai Mipo Dockyard Co. Ltd. ("Hyundai"), pursuant to which NSBI guaranteed the payment obligations of NSBI affiliates and Cyprus companies Baltic Serenity Shipping Co. Ltd. and Baltic Solar Shipping Co. Ltd. to Hyundai under an English law-governed shipbuilding contract, originally dated April 11, 2007 (as amended, the "Shipbuilding Contract"), concerning the construction of two additional 37,000 DWT product carriers (named the "Baltic Serenity" and the "Baltic Solar," respectively).   On November 17, 2014, Hyundai sent NSBI an invoice for $2,754,583, due November 30, 2014, in respect of amounts alleged to be owed under the Shipbuilding Contract in connection with Baltic Serenity's construction.   In addition, Mr. Andronikou and I have been informed and believe Hyundai plans on asserting a claim against NSBI for similar amounts in connection with Baltic Solar's construction.   NSBI did not pay the $2,754,583 invoice by November 30, 2014, as it has not admitted to owing such amount.

## III.   The Administration

10.   In light of the outstanding defaults under the Loan Agreements with BNP and uncertainty with regard to actions threatened by Hyundai, NSBI's directors appointed administrators over NSBI on January 15, 2015, and the remainder of the Group was placed into administration by shareholders' resolution on the same day.   Documents evidencing the commencement of the UK Proceeding and the Petitioners' appointment as the Debtor's joint administrators are attached hereto as Exhibit B.

11.   Under English law, pursuant to the Insolvency Act 1986, an administrator may be appointed for the purpose of rescuing a company as a going concern, achieving a better result for

the company's creditors as a whole than would be likely if the company were wound up without first being in administration, or realizing property in order to make a distribution to one or more secured or preferred creditors.

12.     While debtors are the subject of an administration proceeding, they are managed by one or more administrators, and debtors' directors are, in nearly all respects, restricted from exercising their powers.  As court officers, administrators are subject to control and supervision by the Foreign Court.  During an administration proceeding's pendency, a moratorium akin to the Bankruptcy Code's automatic stay remains in effect.

13.     On January 21, 2015, we applied to the Foreign Court for a declaration that the Debtor's center of main interests ("COMI") is England and Wales.  In the absence of any responses to the application, our counsel, Felicity Toube QC, presented both the factors pointing towards and the factors pointing against the Debtor's COMI being in England and Wales.  Justice Birss found that the Debtor's COMI is located in England and Wales and issued an order and a decision to that effect.  A copy of both is attached as Exhibit C hereto.

## IV.    Events Preceding Chapter 15 Case

14.     Mr. Andronikou and I believe it is possible that parties may attempt to seize Group assets located outside England and Wales.  We have elected not to seek provisional relief at this time because we are not aware of any imminent threat to the Debtor's assets.  However, should circumstances change or should we become aware of additional facts, Mr. Andronikou and I reserve the right to seek the Court's assistance to protect the Debtor's assets.  Accordingly, by the Verified Petition, we have requested entry of an order, among other things, recognizing the UK Proceeding as a foreign main proceeding, granting relief automatically and as of right and granting certain additional relief.

15.   Prior to commencing this chapter 15 case, the Petitioners deposited $5,000 in a non-interest bearing account with Citibank in New York, New York (the "Account"), representing an undrawn retainer held by Petitioners' United States counsel. Such funds remain in the Account as of the date hereof and are the Debtor's property. Petitioners' United States counsel is only permitted to apply the funds in the Account to outstanding invoiced amounts at the Petitioners' direction.

## STATEMENT PURSUANT TO BANKRUPTCY CODE SECTION 1515(c)

16.   I understand Bankruptcy Code section 1515(c) provides "[a] petition for recognition shall . . . be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative." In accordance with this section, I hereby declare the only foreign proceeding, as I understand such term is defined in Bankruptcy Code section 101(23), pending with respect to the Debtor that is known to the Petitioners is the UK Proceeding.

## INFORMATION PURSUANT TO BANKRUPTCY RULE 1007(a)(4)

17.   I understand Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure provides "[i]n addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition . . . shall file with the petition: (A) a Corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is sought under § 1519 of the Code." In accordance with this rule, I hereby provide the following information:

18.    <u>Corporate Ownership Statement</u>.  In accordance with Rule 7007.1, the following corporations directly or indirectly own 10% or more of the Debtor's equity interests: Holdings, NSBI, Hamilton Corporation, and the Trusts.

19.    <u>Persons/Bodies Authorized to Administer the UK Proceeding</u>.  Per <u>Exhibit B</u>, Mr. Andronikou and I were appointed as the Debtor's joint administrators.  Our office address is: UHY Hacker Young, Quadrant House, 4 Thomas More Square, London E1W 1YW.

20.    <u>Pending Litigation/Provisional Relief</u>.  I am unaware of litigation pending in the United States to which the Debtor is a party.  The Petitioners have not sought provisional relief against any entities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: February 2, 2015
       London, England

Peter Kubik
Partner, UHY Hacker Young

7