Geoffrey T. Raicht
Maja Zerjal
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Petitioners*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>B. Endeavour Shipping Company Limited,<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-_____ (___) |

**MOTION FOR ORDER SCHEDULING RECOGNITION HEARING AND**
**SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Peter Kubik and Andrew Andronikou of UHY Hacker Young LLP, as the duly authorized Joint Administrators (the "Petitioners") of the above-captioned debtor (the "Debtor"), which is the subject of an administration proceeding pending before the High Court of Justice of England and Wales and assigned case no. 465/2015 (the "Foreign Proceeding"), move for entry of an order (1) scheduling a hearing on the relief sought in their verified petition for entry of an order recognizing the Foreign Proceeding as a foreign main proceeding pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code") and granting certain additional relief pursuant to Bankruptcy Code section 1521 (the "Verified Petition"); and (2) specifying the form and manner of service of notice thereof.  In support of this motion, the Petitioners respectfully represent:

## BACKGROUND

1.   On the date hereof, the Petitioners filed an Official Form Petition, the Verified Petition, and a declaration of Peter Kubik in support of the foregoing (the "<u>Kubik Declaration</u>"). A further description of the Debtor's business and the events leading up to the commencement of the Foreign Proceeding and this chapter 15 case is included in the Kubik Declaration, which is incorporated herein by reference.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).  Venue is proper in this district pursuant to 28 U.S.C. § 1410.

## RELIEF REQUESTED

3.   The Petitioners respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (1) setting 4:00 p.m. (Eastern Standard Time) on or about 21 days after the date of service of the Notice Documents (defined below) as the deadline by which any responses to the Verified Petition must be received (the "<u>Objection Deadline</u>"); (2) setting the date for the hearing on the relief sought in the Verified Petition (the "<u>Recognition Hearing</u>") on or about seven days after the Objection Deadline or as soon thereafter as this Court's calendar permits; (3) approving the form of notice of the Recognition Hearing and Objection Deadline attached hereto as <u>Exhibit B</u> (the "<u>Hearing Notice</u>"); and approving the manner of service of the Hearing Notice described herein.

## BASIS FOR RELIEF REQUESTED

4.   Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief under Bankruptcy Code section 1519 is

2

sought, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the Official Form Petition, and such other entities as the court may direct (together, the "Notice Parties") must be given at least 21 days' notice of the Recognition Hearing.

5.      In addition, Bankruptcy Rules 2002(m) and 9007 provide, among other things, when notice is to be given under the Bankruptcy Rules, the presiding court shall designate the form and manner in which such notice shall be given, if the appropriate form and manner of notice is not specified by the Bankruptcy Code or Rules.

6.      Although Bankruptcy Rule 2002(q) provides Notice Parties must receive at least 21 days' notice by mail of the Recognition Hearing, it does not specify the form or manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.

7.      The Petitioners respectfully submit service of (1) the Hearing Notice, (2) the Official Form Petition, (3) the Verified Petition (including the proposed form of order), and (4) the Kubik Declaration (including all exhibits thereto) (together, the "Notice Documents") by overnight mail or first class mail, postage prepaid upon the Notice Parties in accordance with Bankruptcy Rule 2002(q) within one business day following entry of an order approving this motion constitutes adequate and sufficient notice of the commencement of this case and the relief sought in the Verified Petition. Accordingly, the Petitioners respectfully request that this Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m) and (q) and 9007.

8.      In addition, Bankruptcy Rule 1011(b) provides, among other things, a party objecting to a chapter 15 petition shall have 21 days from the date of service of the petition to respond to the same. The Petitioners respectfully request, pursuant to Bankruptcy Rules 1011(b)

3

and 2002(q), that this Court set the Objection Deadline on or about 21 days after service of the Notice Documents, or as soon thereafter as this Court's calendar permits.

9.  Bankruptcy Code section 1514(c) provides that when notice of the commencement of a case is to be given to foreign creditors, such notice shall, among other things, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim, and indicate whether secured creditors need to file proofs of claim. The Petitioners submit, however, section 1514 only applies in plenary cases and does not apply in the context of a chapter 15 case. *See* Collier on Bankruptcy ¶1514.01 (section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that begin with section 1511"). Accordingly, the Petitioners request that the requirements contained therein be waived in this instance. Courts in this district have regularly granted this request.

## **NO PRIOR REQUEST**

10. No prior request for the relief requested herein has been made to this or any other court.

Dated: February 3, 2015  
       New York, New York

Respectfully submitted,

/s/ Geoffrey T. Raicht  
Geoffrey T. Raicht  
Maja Zerjal  
PROSKAUER ROSE LLP  
Eleven Times Square  
New York, New York 10036  
Tel: (212) 969-3000  
Fax: (212) 969-29000

*Attorneys for the Petitioners*

4