**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>B. Endeavour Shipping Company Limited,<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-10246 (REG) |

**ORDER RECOGNIZING FOREIGN MAIN**
**PROCEEDING AND GRANTING ADDITIONAL RELIEF**

A hearing having been held to consider the Official Form Petition and Verified Petition, filed on February 3, 2015 (the "Verified Petition," and together with the Official Form Petition, the "Petition") by Peter Kubik and Andrew Andronikou of UHY Hacker Young LLP, as the duly authorized Joint Administrators (the "Petitioners") of the above-captioned debtor (the "Debtor") for entry of an order recognizing the administration proceeding pending before the High Court of Justice of England and Wales (the "Foreign Court") and assigned case no. 465/2015 (the "UK Proceeding") as a foreign main proceeding pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code") and granting additional relief pursuant to Bankruptcy Code section 1521; and upon this Court's review and consideration of the Petition, the Declaration of Peter Kubik, filed contemporaneously therewith, and the evidence put on the record at the hearing to consider the Petition (the "Hearing"); and due and proper notice of the Petition having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

B.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.  Venue is proper in this district pursuant to 28 U.S.C. § 1410.

D.  Petitioners are "persons," as such term is defined in 11 U.S.C. § 101(41).

E.  Petitioners are the Debtor's "foreign representative," as such term is defined in 11 U.S.C. § 101(24).

F.  This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

G.  Petitioners have satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007(a)(4).

H.  The UK Proceeding currently pending before the Foreign Court and provisions made thereunder for the protection, administration and distribution of the Debtor's assets, is a "foreign proceeding," as such term is defined in 11 U.S.C. § 101(23).

I.  The UK Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517(a).

J.  The UK Proceeding is pending in the country where the Debtor's center of main interests is located, is a "foreign main proceeding," as such term is defined in 11 U.S.C. § 1502(4), and is entitled to recognition as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1).

K.  Petitioners are entitled to all the relief provided pursuant to 11 U.S.C. § 1520, without limitation.

L.  The Petitioners are further entitled to all relief expressly set forth in 11 U.S.C. §§ 1521(a)-(b).

M. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under 11 U.S.C. §§ 1517, 1520, and 1521.

Now therefore, it is hereby ORDERED:

1. The UK Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and 1517(b)(l).

2. All relief afforded a foreign main proceeding pursuant to 11 U.S.C. § 1520 is granted.

3. Pursuant to 11 U.S.C. § 1520(a)(1), 11 U.S.C. §§ 361 and 362 apply with respect to the Debtor and the Debtor's property that is currently within or may be brought into the territorial jurisdiction of the United States.

4. Petitioners are authorized to operate the business of the Debtor that is the subject of the UK Proceeding and exercise the powers of a trustee to the extent provided by 11 U.S.C. § 1520(a)(3).

5. Pursuant to 11 U.S.C. § 1521(a)(1)-(3), all persons and entities, other than Petitioners and their representatives and agents, are hereby enjoined from:

    a. execution against any of the Debtor's assets;

    b. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, which in either case is in any way related to, or would interfere with, the administration of the Debtor's estate in the UK Proceeding;

    c. taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Debtor or any of its property;

    d. transferring, relinquishing or disposing of any property of the Debtor to any person or entity other than the Petitioners;

     e. commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a); and

     f. declaring or considering the filing of the UK Proceeding or this chapter 15 case a default or event of default under any agreement, contract or arrangement.

6. Pursuant to 11 U.S.C. § 1521(a)(5), the administration or realization of the Debtor's assets within the territorial jurisdiction of the United States is entrusted to the Petitioners and the Petitioners are hereby established as the exclusive representatives of the Debtor in the United States.

7. The UK Proceeding and all prior orders of the Foreign Court shall be and hereby are granted comity and given full force and effect in the United States.

8. No action taken by the Petitioners, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the UK Proceeding, this order, this chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 11 U.S.C. §§ 306 and 1510.

9. Notwithstanding anything to the contrary contained herein, this order shall not be construed as (1) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, or (2) staying the exercise of any rights that are not subject to the automatic stay pursuant to 11 U.S.C. §§ 362(b)(6), (7), (17), or (27) or 362(o).

10. A copy of this order shall be served, within five business days of entry of this order, by fax, e-mail, or regular mail, upon all of the Debtor's known creditors and investors, the Office of the United States Trustee, and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

11. The Court shall retain jurisdiction with respect to: (1) the enforcement, amendment or modification of this order; (2) any requests for additional relief or any adversary proceeding brought in or through this chapter 15 case; and (3) any request by an entity for relief from the provisions of this order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
     March 10, 2015                   *s/ Robert E. Gerber*
                                                 UNITED STATES BANKRUPTCY JUDGE