David A. Rosenzweig, Esq.
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
david.rosenzweig@nortonrosefulbright.com

Kristian W. Gluck, Esq.
Timothy S. Springer, Esq.
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
kristian.gluck@nortonrosefulbright.com
tim.springer@nortonrosefulbright.com

COUNSEL FOR MARK JAMES SHAW, SHANE MICHAEL CROOKS,
AND WILLIAM MATTHEW HUMPHRIES TAIT OF BDO LLP AS JOINT
ADMINISTRATORS OF B. ENDEAVOUR SHIPPING COMPANY LIMITED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-10246 |
| B. ENDEAVOUR SHIPPING | § | |
| COMPANY LIMITED, | § | Chapter 15 |
| | § | |
| Debtor in a foreign proceeding. | § | |

**FOREIGN REPRESENTATIVES' (I) FINAL REPORT
AND (II) MOTION TO CLOSE THE CHAPTER 15 CASE**

Mark James Shaw, Shane Michael Crooks, and William Matthew Humphries Tait of BDO LLP (the "**Administrators**") as replacement administrators and authorized foreign representatives of the above-referenced debtor (the "**Debtor**"), by and through the undersigned counsel, respectfully file this *Foreign Representatives' (I) Final Report and (II) Motion to Close the Chapter 15 Case* (the "**Motion to Close**") pursuant to section 350 of title 11 of the U.S. Code (the "**Bankruptcy Code**"), Rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 5009-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order closing the above-referenced chapter 15 bankruptcy case (the "**Chapter 15 Case**"), and state:

# I.
# JURISDICTION, VENUE, AND CORE ALLEGATIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. § 1410.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 350 and 1517, Bankruptcy Rule 5009(c), and Local Rule 5009-2.

# II.
# PRELIMINARY STATEMENT

3. The Administrators submit that the purpose of the Administrators' appearance in this Court is completed and, therefore, file this final report and seek closure of the Chapter 15 Case. Contemporaneously with the filing of the Motion to Close, the Administrators have filed the *Foreign Representatives' Motion to Recognize and Grant Comity to the Appointment of Replacement Administrators* (the "**Motion to Recognize**"), seeking entry of an order recognizing the Administrators as the replacement administrators and foreign representatives of Debtor, in place of the Former Administrators.[1] The Administrators have also filed contemporaneously with the Motion to Close the *Declaration of Mark James Shaw* (the "**Shaw Declaration**"), detailing the developments in this Chapter 15 Case since this Court granted recognition of the English Proceeding as the foreign main proceeding.

# III.
# FINAL REPORT

4. Pursuant to Bankruptcy Rule 5009(c), the Administrators make this final report of the activities in the Chapter 15 Case (the "**Final Report**"). The Debtor is a wholly-owned

---

[1] Capitalized terms not otherwise defined in the Motion to Close will have the same meaning ascribed in the Motion to Recognize.

48558376.4                                                                            2

subsidiary of Baltic Tankers Holding Ltd., a Cyprus company ("**Holdings**"), which in turn is a wholly-owned subsidiary of Northsea Base Investments Ltd., a Cyprus company ("**NSBI**"). NSBI has been placed into an administration proceeding pursuant to the Insolvency Act 1986 (the "**English Proceeding**"). In addition to holding all equity in the Debtor, Holdings holds all equity interest in five other companies, including B. Ambition Shipping Company Limited; B. Faith Shipping Company Limited; B. Marshall Shipping Company Limited; and B. Force Shipping Company Limited (collectively, together with the Debtor, the "**Companies**").

5. Peter Kubik and Andrew Andronikou of UHY Hacker Young LLP (the "**Former Administrators**"), were appointed as administrators of the Companies on January 15, 2015 using an out-of-court procedure. The Former Administrators filed the above-captioned chapter 15 bankruptcy case (the "**Chapter 15 Case**") and sought recognition of the English Proceeding as the foreign main proceeding within the meaning of 11 U.S.C. § 1517. *See* Dkt. No. 2. At the time, the Former Administrators were concerned that creditors may attempt to seize in the United States the Debtor's principal asset, a 62,000 deadweight tonnage Panamax Tanker named "**Ice Base**," valued at approximately $28.125 million. Dkt. No. 3 ¶¶ 2, 14. This Court granted recognition of the English Proceeding as the foreign main proceeding. Dkt. No. 10.

6. The creditors of the Companies convened a meeting on April 22, 2015 (the "**Creditors' Meeting**") and duly passed resolutions to (i) replace Messrs. Kubik and Andronikou of UHY Hacker Young LLP as joint administrators of the Companies; and (ii) appoint Messrs. Mark James Shaw, Shane Michael Crooks, and William Matthew Humphries Tait as joint administrators of the Debtor, with immediate effect. The Creditors' Meeting took place at the offices of the Former Administrators. One of the Former Administrators, Mr. Kubik, presided

over the Creditors' Meeting as Chairman, certifying and signing the minutes of the Creditors' Meeting.

7. The Administrators consented in writing to act as administrators of the Companies, in compliance with the requirements of paragraph 97(3) of Schedule B1 to the Insolvency Act 1986. *See* Insolvency Act 1986, sch. B1, ¶ 97 (Eng.).[2] In accordance with English insolvency law, the creditor-led appointment of the Administrators to replace the Former Administrators has already taken full effect with no additional court proceeding.

8. No motions have been filed since this Court granted recognition of the foreign main proceeding. Likewise, no adversary proceedings have been filed in connection with the Chapter 15 Case. Further, the Administrators intend that the English Proceedings will shortly be closed as a consequence of the sale of that company, with it being a condition precedent to such sale that the company is taken out of administration and Chapter 15. Shaw Decl. ¶ 10.

9. Based on the foregoing, the Administrators have determined that the purpose of the Foreign Representatives' appearance before this Court has been fulfilled and there is no longer a reason for the Chapter 15 Case to remain open. Accordingly, the Administrators' seek entry of an order closing the Chapter 15 Case.

## IV.
## RELIEF REQUESTED

10. By this Motion to Close, the Administrators seek entry of an order, substantially in the form attached to the Motion to Close as **Exhibit A** (the "**Proposed Order**"), finding that the Chapter 15 Case is fully administered, approving the Administrators' final report, and closing

---

[2] A true and correct electronic copy of English laws and related legislation may be accessed for free through the United Kingdoms' official website, http://www.legislation.gov.uk/. To access the Insolvency Act 1986, visit http://www.legislation.gov.uk/ukpga/1986/45/contents.

48558376.4                                                                                                                    4

the Chapter 15 Case without prejudice, pursuant to 11 U.S.C. §§ 350 and 1517, Bankruptcy Rule 5009(c), and Local Rule 5009-2.

## V.
## BASIS FOR RELIEF REQUESTED

11. Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Pursuant to § 350, a bankruptcy case may be closed "[a]fter an estate is fully administered." *Id.* § 350(a). But a chapter 15 case has no "estate" per se. *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 683 (S.D.N.Y. 2011). Pursuant to Local Rule 5009-2, "the Court . . . shall close the case when . . . , after notice and a hearing, determines that the purposes of the foreign representative's appearance in the chapter 15 case has been completed . . . ." L.B.R. 5009-2(a).

12. In a chapter 11 bankruptcy case, "fully administered" means, at a minimum, that administrative claims have been provided for, and there are no outstanding motions, contested matters, or adversary proceedings. *In re Kleigel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 543 (Bankr. E.D.N.Y. 1999). Likewise, a party may apply for an order closing a bankruptcy case after substantially all of the issues have been resolved and the plan has been substantially consummated. *In re A.H. Robins, Co., Inc.*, 219 B.R. 145, 149–50 & n.10 (Bankr. E.D. Va. 1998) (citing 11 U.S.C. § 1101(2)).

13. In chapter 15, full administration comes when the purpose for the foreign representative's appearance in court is complete. *See* Fed. R. Bankr. P. 5009(c). If no objection to the final report is filed after thirty days' notice, the estate is presumed to have been fully administered and may be closed. *Id.* Alternatively, the Local Rules allow the Court, after notice and hearing, to determine a chapter 15 case has been fully administered even without the presumption under Bankruptcy Rule 5009(c). *See* L.B.R. 5009-2(a).

48558376.4                                                    5

14. Here, no motions, contested matters, or adversary proceedings exist in, or in connection with, the Chapter 15 Case. Moreover, the Debtor has no assets or business in the United States to warrant the protections the Chapter 15 Case affords. Shaw Decl. ¶ 5. In accordance with the provisions of Bankruptcy Rule 5009(c), the Final Report describes the Administrators' activities in the Chapter 15 Case, which have been minimal. Indeed, the only substantive activity to date in the Chapter 15 Case has been recognition of the foreign main proceeding.

15. Finally, in connection with the English Proceeding, the Administrators are selling the Companies' equity interests and intend to close the English Proceeding shortly thereafter. Closure of the Chapter 15 Case is a condition precedent to closing that stock purchase agreement. *Id.* ¶ 10.

16. Based on the foregoing, the Administrators submit that the facts set forth in the Final Report and the Shaw Declaration demonstrate that the Chapter 15 Case has been fully administered. Accordingly, the Administrators respectfully request that this Court enter an order, substantially in the form of the Proposed Order attached to the Motion to Close as **Exhibit A**, closing the Chapter 15 Case.

## VI.
## NOTICE

17. The Administrators have provided notice to all of the parties entitled to notice, including all of the parties who received notice of the filing of the Chapter 15 Case. Aside from the U.S. Trustee, the vast majority of parties in interest in the Chapter 15 Case are located outside of the United States. And none of these parties have filed notices of appearance in the Chapter 15 Case. Accordingly, the Administrators respectfully submit that no other or further notice of the Final Report and Motion to Close is necessary under the circumstances. The

Administrators do not expect objection to the Final Report or Motion to Close from the U.S. Trustee or any party in interest.

## VII.
## PRAYER

WHEREFORE, for the reasons set forth herein, the Administrators respectfully request that this Court enter an order, substantially in the form of the Proposed Order attached to the Motion to Close as **Exhibit A**, closing the Chapter 15 Case and granting such other relief as is just and proper.

*[Remainder of Page Left Blank Intentionally]*

Dated: July 10, 2015

        Respectfully submitted,

        **NORTON ROSE FULBRIGHT US LLP**

        By:   */s/ David A. Rosenzweig*
        David A. Rosenzweig
        david.rosenzweig@nortonrosefulbright.com
        666 Fifth Avenue
        New York, NY 10103-3198
        Telephone:  (212) 318-3000
        Facsimile:  (212) 318-3400

        Kristian W. Gluck (*pro hac vice* motion pending)
        Timothy S. Springer (*pro hac vice* motion pending)
        kristian.gluck@nortonrosefulbright.com
        tim.springer@nortonrosefulbright.com
        2200 Ross Avenue, Suite 3600
        Dallas, TX 75201-7932
        Telephone:  (214) 855-8000
        Facsimile:  (214) 855-8200

        **COUNSEL FOR MARK JAMES SHAW, SHANE MICHAEL CROOKS, AND WILLIAM MATTHEW HUMPHRIES TAIT OF BDO LLP AS JOINT ADMINISTRATORS OF B. ENDEAVOUR SHIPPING COMPANY LIMITED**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2015 I directed the offices of noticing agent UpShot Services, LLC to serve approximately sixteen parties in interest with the foregoing Motion by either U.S. first class mail, postage prepaid, or comparable methods for international addresses, or by electronic notification. The Administrators will supplement this certificate of service with a copy of a complete service list and affidavit of service by the noticing agent.

*/s/ Timothy S. Springer*