David A. Rosenzweig, Esq.
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
david.rosenzweig@nortonrosefulbright.com

Kristian W. Gluck, Esq.
Timothy S. Springer, Esq.
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
kristian.gluck@nortonrosefulbright.com
tim.springer@nortonrosefulbright.com

COUNSEL FOR MARK JAMES SHAW, SHANE MICHAEL CROOKS,
AND WILLIAM MATTHEW HUMPHRIES TAIT OF BDO LLP AS JOINT
ADMINISTRATORS OF B. ENDEAVOUR SHIPPING COMPANY LIMITED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-10246 |
| B. ENDEAVOUR SHIPPING | § | |
| COMPANY LIMITED, | § | Chapter 15 |
| | § | |
| Debtor in a foreign proceeding. | § | |

**DECLARATION OF MARK JAMES SHAW**

I, Mark James Shaw, hereby declare:

1. My name is Mark James Shaw. I am over the age of 21 years and am capable and competent to make this Declaration based on my personal knowledge. I am employed by BDO LLP. My colleagues, William Matthew Humphries Tait, Shane Michael Crooks, and I have been appointed joint administrators (the "**Administrators**") of the above-captioned debtor (the "**Debtor**") in a proceeding before the High Court of Justice of England and Wales (the "**English Court**") and assigned case no. 465/2015 (the "**English Proceeding**").

2. I submit this declaration in support of the (1) *Foreign Representatives' Motion to Recognize and Grant Comity to the Appointment of Replacement Administrators* (the "**Motion to**

**Recognize**"), (2) *Foreign Representatives' (I) Final Report and (II) Motion to Close the Chapter 15 Case* (the "**Motion to Close**"), and (3) *Motion to Expedite the [Motion to Recognize and Motion to Close]* (the "**Motion to Expedite**," together with the Motion to Recognize and Motion to Expedite, the "**Motions**"). I am authorized by the Debtor to make this declaration pursuant to paragraph 97(2) of Schedule B1 to the Insolvency Act 1986 and the creditors' meeting that took place at 11:00 am on April 22, 2015, where a resolution was duly passed appointing the Administrators.

3. The Debtor is a wholly-owned subsidiary of Baltic Tankers Holding Ltd., a Cyprus company ("**Holdings**"), which in turn is a wholly-owned subsidiary of Northsea Base Investments Ltd., a Cyprus company ("**NSBI**"). NSBI has been placed into an administration proceeding pursuant to the Insolvency Act 1986 (the "**English Proceeding**"). In addition to holding all equity in the Debtor, Holdings holds all equity interest in five other companies, including B. Ambition Shipping Company Limited; B. Faith Shipping Company Limited; B. Marshall Shipping Company Limited; and B. Force Shipping Company Limited (collectively, together with the Debtor, the "**Companies**").

4. Peter Kubik and Andrew Andronikou of UHY Hacker Young LLP (the "**Former Administrators**"), were appointed as administrators of the Companies on January 15, 2015 using an out-of-court procedure.

5. The Former Administrators filed the above-captioned chapter 15 bankruptcy case (the "**Chapter 15 Case**") and sought recognition of the English Proceeding as the foreign main proceeding within the meaning of 11 U.S.C. § 1517. *See* Dkt. No. 2. At the time, the Former Administrators were concerned that creditors may attempt to seize in the United States the Debtor's principal asset, a 62,000 deadweight tonnage Panamax Tanker named "**Ice Base**,"

valued at approximately $28.125 million, should the Ice Base enter U.S. territorial waters. Dkt. No. 3 ¶¶ 2, 14. This Court granted recognition of the English Proceeding as the foreign main proceeding. Dkt. No. 10.

6.  The creditors of the Companies convened a meeting on April 22, 2015 (the "**Creditors' Meeting**") and duly passed resolutions to (i) replace Messrs. Kubik and Andronikou of UHY Hacker Young LLP as joint administrators of the Companies; and (ii) appoint the me and my colleagues, Messrs. Crooks and Tait, as joint administrators of the Debtor, with immediate effect. A true and correct copy of the *Minutes of the Adjourned Meeting of Creditors Convened Pursuant to Paragraph 52 2(a) of Sch. B1 of the Insolvency Act 1986* is attached as **Exhibit A**.

7.  The Creditors' Meeting took place at the offices of the Former Administrators. One of the Former Administrators, Mr. Kubik, presided over the Creditors' Meeting as Chairman, certifying and signing the minutes of the Creditors' Meeting. Ex. A at 9.

8.  The Administrators consented in writing to act as administrators of the Companies, in compliance with the requirements of paragraph 97(3) of Schedule B1 to the Insolvency Act 1986. *See* Insolvency Act 1986, sch. B1, ¶ 97 (Eng.).[1] In accordance with English insolvency law, the creditor-led appointment of the Administrators to replace the Former Administrators has already taken full effect with no additional court proceeding.

9.  Although no court action is required under English Law, prior to the Creditors' Meeting the English Court entered an order concerning compensation in the English Proceeding. A true and correct copy of this order is attached as **Exhibit B**. As part of this order, the English

---

[1] A true and correct electronic copy of English laws and related legislation may be accessed for free through the United Kingdoms' official website, http://www.legislation.gov.uk/. To access the Insolvency Act 1986, visit http://www.legislation.gov.uk/ukpga/1986/45/contents.

Court expressly ordered that "[a]ny defect in respect of the convening of the meetings of the creditors of the Companies for the purposes of considering the [Former] Administrators' proposals and/or replacing the [Former] Administrators is hereby waived."  Ex. B. ¶ 1. Accordingly, the English Court's order foreclosed any argument against the Administrators' appointment at the Creditors' Meeting.

10. Following our appointment as Administrators, my colleagues and I have been negotiating a possible sale of the Companies' equity interests.  The identified buyer has indicated its desire that the English Proceeding and all corollary, non-main, insolvency proceedings be consummated and closed as soon as practicable.  Indeed, closure of the Chapter 15 Case is a condition precedent to closing that stock purchase agreement.  The English Proceeding will be completed contemporaneously with or shortly after the closing of the proposed sale such that the Administrators will be discharged.

11. In accordance with 11 U.S.C. § 1518, the Administrators are filing the Motion to Recognize so as to apprise the Court of a substantial change in the status of the Former Administrators' appointment as the Debtor's foreign representatives.  Furthermore, the Administrators file the Motion to Close pursuant to Federal Rule of Bankruptcy Procedure 5009(c) and 11 U.S.C. § 350 because the purpose for the Administrators' appearance in the Chapter 15 Case has been completed.

*[Remainder of page left blank intentionally]*

I declare that the foregoing information is true and correct to the best of my knowledge subject to the penalty of perjury under the laws of the United States of America.

DATED: July 10, 2015
London, England

_____
Mark James Shaw