# EXHIBIT B

CASE NOS 462, 464, 465, 467, 468, 470, 471 AND 472 OF 2015

IN THE HIGH COURT OF JUSTICE
CHANCERY DIVISION
COMPANIES COURT
IN THE MATTER OF NORTHSEA BASE INVESTMENT LIMITED, BALTIC TANKERS HOLDING LIMITED, B. ENDEAVOUR SHIPPING COMPANY LIMITED, B. AMBITION SHIPPING COMPANY LIMITED, B. FAITH SHIPPING COMPANY LIMITED, B. MARSHALL SHIPPING COMPANY LIMITED, B. MERCHANT SHIPPING COMPANY LIMITED AND B. FORCE SHIPPING COMPANY LIMITED (ALL IN ADMINISTRATION)
AND IN THE MATTER OF THE INSOLVENCY ACT 1986

The Honourable Mr Justice Arnold
This 15th day of April 2015

BETWEEN:

PETER KUBIK AND ANDREW ANDRONIKOU (AS THE JOINT ADMINISTRATORS OF THE ABOVE-MENTIONED COMPANIES)

Applicants

-and-

(1) BNP PARIBAS (SUISSE) S.A.
(2) BNP PARIBAS S.A.
(3) MARINE CROSS SERVICES LIMITED
(4) SCORPIO SHIP MANAGEMENT SAM
(5) SCORPIO MARINE MANAGEMENT (INDIA) PVY
(6) SCORPIO (UK) LIMITED

Respondents

---

**ORDER**

---

**UPON THE APPLICATION** of Peter Kubik and Andrew Andronikou ("**the Administrators**"), the Joint Administrators of Northsea Base Investment Limited, Baltic Tankers Holding Limited, B. Endeavour Shipping Company Limited, B. Ambition Shipping Company Limited, B. Faith Shipping Company Limited, B. Marshall Shipping Company Limited, B. Merchant Shipping Company Limited and B. Force Shipping Company Limited ("**the Companies**"), by paragraph 1 of the Application Notices dated 1 April 2015 ("**the Application Notices**") for an Order under Rule 2.35(6C) of the Insolvency Rules 1986 ("**the**

-1-

Rules") permitting the chairman of the adjourned meetings of the creditors' of the Companies ("**the Chairman**") to further adjourn the said meetings for a period of 6 weeks ("**the Adjournment Application**")

**AND UPON READING** the evidence

**AND UPON HEARING** Mr Stephen Robins of Counsel for the Administrators and Mr Mark Arnold QC and Ms Hilary Stonefrost of Counsel for the First and Second Respondents

**AND UPON COUNSEL FOR THE ADMINISRATORS** submitting to the Judge that the Administrators wished the adjourned meetings to be further adjourned for a period of 6 weeks in order to provide the Administrators with an opportunity to terminate the joint instructions to the Scorpio companies ("Scorpio") and to direct Scorpio to make payment to the Joint Administrators' accounts in this jurisdiction

**AND UPON THE ADMINISTRATORS** undertaking by Counsel to serve and file a witness statement verifying all evidential matters presented by Counsel to the Court at the hearing of the Adjournment Application on the basis of instructions from the Administrators

**AND UPON THE FIRST AND SECOND RESPONDENTS** agreeing that, without prejudice to their contention that the security over the Earnings Accounts (as defined in the facility documentation in the evidence before the Court) and receivables is fixed, the Administrators have custody and control of the Earnings Accounts as they stand immediately before they are removed from office for the purposes of Schedule B1 paragraph 99 of the Insolvency Act 1986, if and to the extent it applies

**AND UPON THE COURT** having determined that an agreement as set out in Schedule 2 is effective to maintain, in respect of the money paid into Court, such security rights and entitlements as existed in respect of monies held in the Earnings Accounts prior to the transfer of such money

**AND UPON THE ADMINISTRATORS** having confirmed to the Court that the Lenders, as defined in the loan agreements dated 12 December 2007 and 22 January 2008 as amended

and restated "**the Amended and Restated Loan Agreements**"), are in a position to vote to replace the Administrators at the creditors meetings to be held on 22 April 2015

**AND UPON THE COURT** determining that it will not be necessary for the adjourned meetings to be further adjourned in accordance with the Adjournment Application in the event that security is provided in accordance with this Order

**AND UPON THE FIRST AND SECOND RESPONDENTS CONFIRMING** (i) that their agreement with the Administrators not to make any 'cash sweep' on any Earnings Account or debit any Earnings Account to discharge any principal or interest due and payable under the Amended and Restated Loan Agreements (as contained in the signed Term Sheet) remains valid and effective in accordance with its terms and (ii) for the avoidance of any doubt such agreement shall not operate to prevent any transfer pursuant to this Order or any payment of any trading expenses in accordance with the signed Term Sheet

**IT IS ORDERED** that:

1. Any defect in respect of the convening of the meetings of the creditors of the Companies for the purposes of considering the Administrators' proposals and/or replacing the Administrators is hereby waived.

2. Unless the First and Second Respondents (or their solicitors on their behalf) do before the commencement of the adjourned meetings of the creditors of the Companies irrevocably agree to comply with requests by the Administrators, in the form set out in Schedule 1 attached hereto, that BNP Paribas (Suisse) SA transfer the sum of £2,000,000.00 in respect of the Joint Administrators' claimed remuneration, disbursements and expenses of the administrations, and the sum of £400,000.00 in respect of VAT (without prejudice to whether VAT is payable) into Court on the terms set out in Schedule 2 attached hereto, the Chairman has permission under Rule 2.35(6C) of the Insolvency Rules 1986 to further adjourn the adjourned meetings for a period of 6 weeks commencing with the date of the adjourned meetings.

3. The remaining paragraphs of the Application Notices ("**the Remaining Applications**") are hereby adjourned. The Administrators and the First and Second Respondents shall

-3-

-4-

seek to (i) agree directions for the hearing of the Remaining Applications and (ii) lodge an agreed order for directions at Court for consideration by the Judge on the papers without a hearing. In the absence of agreement, the Administrators have liberty to apply for directions and the listing of a hearing of the Remaining Applications.

4. The First and Second Respondents shall pay the Administrators' costs of and incidental to the Adjournment Application to be assessed on the standard basis if not agreed. For the avoidance of doubt, the costs of the Remaining Applications (which have not yet been considered by the Court) shall be costs in the Remaining Applications.

5. Liberty to apply.

### Service of the order
**The Court has provided a sealed copy of this order to the serving party:**
Richard Slade & Company, Ground Floor East, 9 Gray's Inn Square, London WC1R 5JD (Ref: Alan Wolstenholme)

## SCHEDULE 1

## [ON UHY HACKER YOUNG LLP LETTER HEAD]

By fax to: 0041 58 212 76 78

BNP Paribas (Suisse) SA

Place de Hollande 2

P.O. Box CH-1211

Geneva 11

Switzerland

FAO: Margarita Mirra / Priska Kanti

[DATE]

Dear Sirs

We refer to the Order of the English Court dated [DATE] (the "Order").

Please make each of the following transfers from the following accounts to the English court at the below account in accordance with the Order.

Transfers from:

(a) From Account No. 86432-1N in the name of B. Endeavour Shipping Company Ltd, the amount of GB£400,000.00, converted by BNP Paribas (Suisse) SA from US dollars on the value date;

(b) From Account No. 86234-1X in the name of B. Ambition Shipping Company Ltd, the amount of GB£400,000.00, converted by BNP Paribas (Suisse) SA from US dollars on the value date;

(c) From Account No. 86235-1D in the name of B. Faith Shipping Company Ltd, the amount of GB£400,000.00, converted by BNP Paribas (Suisse) SA from US dollars on the value date;

(d) From Account No. 86233-1R in the name of B. Force Shipping Company Ltd, the amount of GB£400,000.00, converted by BNP Paribas (Suisse) SA from US dollars on the value date;

-6-

(e) From Account No. 86236-1K in the name of B. Marshall Shipping Company Ltd, the amount GB£400,000.00, converted by BNP Paribas (Suisse) SA from US dollars on the value date;

(f) From Account No. 86237-1S in the name of B. Merchant Shipping Company Ltd, the amount of GB£400,000.00, converted by BNP Paribas (Suisse) SA from US dollars on the value date.

All transfers to:

[DETAILS OF COURT ACCOUNT]

This instruction must be received by BNP Paribas (Suisse) SA by midday (Geneva time) for the transfer to be made on the date of the instruction. If the instruction is received after midday, the transfer will be made on the next business day.

Yours faithfully

Andrew Andronikou

Peter Kubik
(signature of only 1 of the above is required to make the transfer)

-7-

**SCHEDULE 2**

1. The £2,000,000.00 in respect of the Joint Administrators' claimed remuneration, disbursements and expenses of the administration, and the £400,000.00 in respect of VAT (without prejudice to whether VAT is payable), shall be held in Court until further Order.

2. The payments of £2,000,000.00 and £400,000.00 into Court shall be without prejudice to (i) all and any rights and interests that the First and Second Respondents have in respect of the Earnings Accounts, being the accounts at BNP Paribas (Suisse) SA with account numbers 86432-1N, 86234-1X, 86235-1D, 86233-1R, 86236-1K and 86237-1S, and (ii) the rights and interests of the Administrators under paragraph 99 of Schedule B1 (if any). The Remaining Applications shall accordingly be determined on the premise that the sums of £2,000,000.00 in respect of the Joint Administrators' claimed remuneration, disbursements and expenses of the administration and £400,000.00 in respect of VAT are in fact held in the Earnings Accounts and upon the Administrators leaving office it shall stand as security, subject to the terms of this Order and its Schedules, for the Remaining Applications.